## EDWARD BUSBY v. JOSEPH LYNN AND OTHERS.

1. Appellant's notice of appeal does not appear in the judgment below, but a bill of exceptions states the fact that notice of appeal to the Supreme Court was given in open court. *Held*, that as the appellant had done all the law required of him to entitle him to an appeal, he will not be deprived of his right on account of the carelessness, ignorance, or intentional neglect of the clerk.

2. B. died leaving a will, by the first clause of which he made his three children equal heirs of the estate, and executors of the will. In the second clause he willed to his son D. a negro, extra of his otherwise equal share, to compensate him for the maintenance of the testator's

Opinion of the Court.

deaf brother. In the third clause the testator expressed the wish that his son D. should take especial care of his brother, E. B., during the latter's life, and if his son D. should die before his brother E., he desired that his other two children, E. L. and M. D., should take charge of, and provide for his brother E. B. during his lifetime. The last clause of the will was as follows : " It is my wish that my homestead, and five " hundred and fifty-nine acres of land, with the improvements thereto " attached, shall be set apart to my son D., extra of his interest in the " remaining portion of my estate, in consideration of the landed interest " already given to my other children, and as compensation for maintain-" ing my brother E. B., aforementioned." *Held*, that it was the intention of the testator to give to his brother, E. B., the appellant in this case, a beneficial interest in the negro slave, to the full extent of the proceeds of his labor, if that were necessary for his maintenance ; and it was the further intention of the testator, in the last clause of his will, to give appellant a beneficial interest to the same extent in the balance of the homestead, over and above the amount which would make the son D.'s interest equal to the landed estate which had been given to his two sisters ; and to that extent a trust was established in favor of appellant, which neither D. B., after accepting the bequest, nor his heirs after his death, have the legal authority to dispute or withhold. There being no longer any property in the negro, and a portion of the homestead being devised to D. B. absolutely, the balance of the homestead only is now charged with the maintenance of appellant.

3. A testamentary intention may be expressed by the word "wish;" and when clearly so expressed, the intent becomes the law of the bequest.

APPEAL from Freestone. Tried below before the Hon. John B. Rector.

The material facts of the case are sufficiently stated in the opinion of the court.

*T. G. Jones*, for the appellant.

*D. M. Prendergast*, for the appellees.

OGDEN, J. Notwithstanding the judgment in this cause fails to show that notice of an appeal was given as required by law, yet the bill of exceptions sets out the fact, that notice of appeal to the Supreme Court was given in open court, and the presiding judge has signed the same as a true bill of excep-

tions, and this establishes the fact beyond controversy, that notice of an appeal was given, and that it was a mere clerical omission that such notice did not appear in the records of the cause. The plaintiff below had done all the law required of him, to entitle him to an appeal, and we are of the opinion that he should not be deprived of so important a right, because of the carelessness, ignorance, or intentional neglect of the clerk. The appeal was fully perfected, and the party has a right to a hearing on the same.

This suit was brought by appellant as the beneficiary under the will of Milton Busby, deceased, against appellees, for the rents and profits of a certain tract of land, known as the former homestead of said Milton Busby, deceased ; and he claims that by certain provisions in the last will and testament of the said Milton Busby, this particular tract of land was charged, in the hands of the heir and devisee in the will, with the support and maintenance of the petitioner, during his natural life ; and he charges that the defendants have and hold possession of said land, and are converting the rents and profits thereof to their own use, in total disregard of petitioner's rights under said will. And he prays for a judgment of the court, decreeing the rents and profits of said land, or so much thereof as may be adjudged equitable and right under the will, to petitioner during his life, and that defendants be held to account for the same. With an amended petition a copy of the will of Milton Busby was filed in the court as the foundation of the claim set up by petitioner. The defendants appeared and filed general and special exceptions to the original and amended petition, all of which denied the right of plaintiff to have and maintain his suit, as set out in his petition. The exceptions were sustained by the court, and a judgment was rendered for the defendants, and the plaintiff now prosecutes this appeal.

The principal question presented in the record, for decision, is in regard to the legitimate and proper interpretation of certain clauses of the will of Milton Busby, deceased, which refer

to the appellant in this cause; and as to what effect those clauses were intended by the devisor to have over other portions of the will and the devises therein made. The will of Milton Busby appears, in some respects, a little irregular and contradictory, but it is not difficult to draw from the whole context of that instrument, a pretty clear and definite judgment of the purpose and intent of the maker thereof. In the first clause of the will the testator makes his three children equal heirs of his estate, and executors of that will. In the second clause, he wills to his son David, a certain negro, extra of his otherwise equal distributive share, to compensate him for the maintenance, care, and attention to his deaf brother, Edward Busby. The third clause reads as follows: " It is " my wish that my son David shall take especial charge of, " maintain and support my brother, Edward Busby, during " his, the said Edward's life, and should my son David die be- " fore my brother Edward, it is my wish that my other chil- " dren, Elizabeth Lynn, and Melissa Daviss, shall take charge of " and provide for my brother, Edward Busby, during his life- " time." And the will closes with the sixth clause, which is as follows: " It is my wish that my homestead, and five hun- " dred and fifty-nine acres of land, with the improvements " thereunto attached, as mentioned in item first, shall be set " apart to my son David, extra of his interest in the remaining " portion of my estate, for and in consideration of the landed " interest already given to my other children, Elizabeth " Lynn, and Melissa Daviss, and as a compensation for main- " taining and supporting my brother, Edward Busby, afore- " mentioned."

It is alleged in the petition, and admitted in the answer, that David Busby died, and that his estate, including the former homestead of Milton Busby, descended to his two sisters, Elizabeth Lynn and Melissa Daviss, and that they have sold a portion of that homestead to the other defendants below. And it is claimed in appellant's petition, below, that the foregoing clauses of the will of Milton Busby created a charge upon the

·property therein devised, for the benefit of the appellant, and that no subsequent disposition of the same by the devisee, or his heirs, could relieve that property of the charge. In Hill on Trustees, page 71, it is said : " It frequently happens that " an absolute gift of property is made to a person by will, " accompanied by expressions indicating a wish, on the part of " the testator, that certain other parties should participate in " the beneficial enjoyment. The strong disposition of the " courts, to give effect to the intention of testators, has given " rise to a species of trusts, founded on expressions of this " nature, and differing, in some respects, from absolute trusts. " These recommendatory trusts will be enforced in favor of the " particular objects or purposes thus designated, although they " will be insufficient to impress the gift with the character of " a trust generally ; and if the particular object or purpose " designated cannot take, or fail, the first taker will be entitled " to the benefit of the failure, and will hold absolutely dis- " charged from any trust." We are clearly of the opinion that the testator intended, in his will, to give the appellant a bene- ficial interest in the negro slave, to the full extent of the pro- ceeds of his labor, if that were necessary for the care, main- tenance, and support of appellant, and we are also of the opin- ion, that the testator intended, in the last clause of his will, to give appellant a beneficial interest to the same extent in the balance of the homestead, over and above the amount, or value, which would make the son David's interest equal to the landed estate which had been before given to his two sisters ; and to that extent a trust was established in favor of appellant, which David Busby, after accepting the bequest, nor his heirs after his death, and to the full extent of their interest in his estate, had no legal authority to dispute or withhold.

This question has striking parallels in many cases referred to in Hill on Trustees, pp. 65, 66, and 67, and the whole question appears to have been settled by an inquiry into the real intent of the testator, which intent may be expressed as well by the word " wish," " desire," or " command," and

where clearly expressed, that intent becomes the law of the bequest. In his will, the testator directs that his son David shall have his homestead, in part for a compensation for taking care of and maintaining his brother Edward; and says: it is my wish that my son David shall take especial charge of, maintain, and support my brother during his life; and, in case of the death of David before the brother Edward, the same injunction is laid upon the two daughters. There are certainly no discretionary expressions in these clauses, in regard to the application of the special devise, or rather devise to a use. They established a trust upon the homestead, to the extent specified in the will, and were binding upon the conscience of the devisee and his heirs, at least to the extent of their interest in the estate of David Busby. There being no longer any property in the slave devised to the beneficial use of appellant, and as a portion of the homestead was devised to David Busby, without any charge, in consideration of the land which had been given to his two sisters, the balance of the homestead, only, is now charged with the support and maintenance of appellant. What that interest is, and what proportion of that interest will be necessary for the care, support, and maintenance of appellant, are facts which should be inquired into by the court, and determined from all the attendant and surrounding facts and circumstances. (Hunt *v.* White, 24 Texas, 653.) We think the court erred in sustaining the exceptions to plaintiff's petition; and the judgment is reversed and the cause remanded.

Reversed and remanded