

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN 11, TEXAS**

**PRICE DANIEL**
ATTORNEY GENERAL

December 16, 1947

Hon. John H. Winters
Executive Director
Department of Public Welfare
Austin, Texas                    Opinion No. V-456

Re: Facts to be taken
into consideration
in passing on an
application for
Old Age Assistance
in the given case

Dear Sir:

W. B. Biggs died testate, leaving certain property to his two sisters and mentioning Chas. H. Biggs, the applicant for Old Age Assistance. Subsequently the sisters died intestate. Out of these facts arise the following questions propounded by you:

"1. Does the provision in the will requiring the sisters to support and maintain the applicant for the remainder of his life constitute a lien against the property to such an extent that the corpus of the estate can be used for the maintenance of the applicant?

"2. In view of the fact that the estate would eventually be depleted if any portion of it were sold, can the heirs, under the terms of the will, sell any portion of the corpus of the estate and use the proceeds for our applicant's maintenance?

"3. If, under the terms of the will, they might sell the corpus of the estate for his maintenance, but are unwilling to do so, could the department

consider this as a potential avail-
able resource for meeting the needs
of our applicant?"

We note from a copy of the will which ac-
companied your request that the second through the
fifth items provide for the distribution of the
testator's property, both real and personal. The
principal beneficiaries were the two sisters of the
testator. The sixth provision of the will is as
follows:

"SIXTH. The properties here in
willed to my two sisters, Mrs. M. S.
Montgomery and Mrs. Sallie E. Henry
are so willed with the understanding
and agreement on their part, that they
will jointly take care of my brother
Chas. H. Biggs during his lifetime,
provide him a home and the necessities
of life."

Your first two questions relate to the na-
ture of the interest which may have been created in
behalf of Chas. H. Biggs. In view of our answer to
your third question which follows, we do not find it
necessary to answer questions one and two.

Art. 695c, Sec. 20, V.A.C.S., provides, in
part, as follows:

"Sec. 20. Old Age Assistance shall
be given under the provisions of this
Act to any needy person;

". . .

"(5) Who has not sufficient income
or other resources to provide a reasonable
subsistence compatible with health and de-
cency. Provided that in consideration of
income and resources actually available to
the applicant the State agency shall not
evaluate income and resources which may be
available only to the relatives of the ap-
plicant. Income and resources to be taken
into consideration shall be known to exist
and shall be available to the applicant.An
applicant for Old Age Assistance shall not

be denied assistance because of the
existence of a child or other rela-
tive, except husband or wife, who is
able to contribute to the applicant's
support, and no inquiry shall be made
into the financial ability of said
child or other relative, except hus-
band or wife, in determining the appli-
cant's eligibility. The applicant's
child or other relative, except or hus-
band or wife, is to be treated by the
State Department in the same way as any
person not related to the applicant; any
aid or contribution to the applicant
from such child or other relative, except
husband or wife, <u>must actually exist in
fact, or with reasonable certainty, be a-
vailable in the future to constitute a
resource to the applicant.</u>" (Emphasis ad-
ded)

The reading of certain cases would indicate
that a trust or lien was created by the will in favor
of the claimant. Busby v. Lynn, 37 Tex. 146; Godard
v. Godard, 197 S.W. (2d) 554; Low v. Ramsey, 122 S.W.
167. On the other hand, other cases indicate that no
trust or lien was created. Brannon v. Morgan, 106 S.W.
(2d) 841; Darragh v. Barmore, 242 S.W. 714.

If the holders of the property are failing
and refusing to furnish maintenance and support for the
claimant a difficult lawsuit will be required to deter-
mine the correctness of such action. Under such circum-
stances, we do not believe the aid to the claimant ex-
ists or is "available" with reasonable certainty.

The expressed intention of the Legislature was
to restrict the Department of Public Welfare to a con-
sideration of resources actually available or reasonably
certain. Assuming, but not deciding, that the applicant
does have a lien on the property in question, it is cer-
tainly a rather tenuous claim, and could not be consider-
ed an existent source of support.

It would be contrary to the general spirit of
the Old Age Assistance statute to enlarge the quoted pro-
vision so as to include money or property not actually
received but that which potentially might be received.

Therefore, you are respectfully advised that
the Department of Public Welfare should not take into

consideration any interest which Chas. H. Biggs may have received under the will of his brother in passing on the applicant's qualifications for assistance.

## SUMMARY

Under Art. 695c, Sec. 20 (5), V.C.S., the Department of Public Welfare should not consider any potential resource of an applicant for Old Age Assistance which has not been actually received or is not a reasonably certain available source of support.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      *Ocie Speer*
Ocie Speer
Assistant

MH/lh

*Martin Harris*
Martin Harris
Assistant


APPROVED:

*Fagan Dickson*
FIRST ASSISTANT
ATTORNEY GENERAL