ESTATE OF ANNIE SELLS, DECEASED, G. M. SELLS AND T. D. SELLS, EXECUTORS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12641. Promulgated April 27, 1948.

*Irl F. Kennerly, Esq.*, for the petitioner.
*D. Louis Bergeron, Esq.*, for the respondent.

OPINION.

BLACK, *Judge*: The one issue remaining in this proceeding is whether petitioner is entitled to deduct from the value of the gross estate under section 812 (d) of the Internal Revenue Code the amount of $22,125 as representing a bequest to a trustee to be used by such trustee exclusively for religious or educational purposes. The material provisions of this section, as amended, are in the margin.[1]

Since the parties agree that no part of the activities of the trustee was carrying on propaganda or otherwise attempting to influence legislation and petitioner is not claiming a deduction in excess of the value of the 150 shares of bank stock required to be included in the gross estate, it follows that petitioner is entitled to the deduction it claims if the remaining facts relative to the claimed deduction fall within the following provisions of the statute:

The amount of all bequests * * * to a trustee * * * but only if such contributions or gifts are to be used by such trustee * * * exclusively for religious * * * or educational purposes * * *.

The respondent contends that the decedent's will was too vague to warrant a holding that it was the decedent's intention that her 150 shares of bank stock be set aside in a trust for the purpose of using the income exclusively for religious and educational purposes, and, if wrong in that contention, then the educational feature of the trust must

---

[1] SEC. 812. NET ESTATE.

For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

* * * * * *

(d) TRANSFERS FOR PUBLIC, CHARITABLE, AND RELIGIOUS USES.—The amount of all bequests, legacies, devises, or transfers * * * to a trustee or trustees * * * but only if such contributions or gifts are to be used by such trustee or trustees * * * exclusively for religious, charitable, scientific, literary, or educational purposes * * * and no substantial part of the activities of such trustee or trustees * * * is carrying on propaganda, or otherwise attempting, to influence legislation. * * * The amount of the deduction under this subsection for any transfer shall not exceed the value of the transferred property required to be included in the gross estate.

be regarded as bestowing a private as contrasted with a public benefit, thus rendering the bequest nondeductible for that reason.

That part of the will under which petitioner contends a deductible bequest was made is as follows:

I would like to set aside as an educational loan fund my Bank Stock in The Orange Nat. Bank, the dividend to be used to provide scholarship first to relatives or other Boys or girls. I wish that $200.00 hundred dollars per year be given for Missions, or where most needed to The First Methodist Church in Orange Tex. The Pastor & Stewards as trustees.

It is a cardinal principle in the interpretation of wills that they be construed to effectuate the intention of the testator and that if a general charitable purpose is manifest, within the limits of the testator's language, a broad and liberal construction should be applied to that language and the gift upheld. *John Markle et al., Executors*, 28 B. T. A. 201. See also *Beggs* v. *United States*, 27 Fed. Supp. 599.

The probate court recited in its order dated May 8, 1947, that the above provisions of the decedent's will "clearly indicate her intention to create a trust for specified religious and educational purposes, and to set aside her stock in The Orange National Bank as the fund or property to be utilized for the purposes of said trust * * *." The court further recited that the said provisions of the will "do not clearly designate a trustee who shall administer said trust" and that, being of the opinion "that the said trust shall not be permitted to fail for want of a trustee," it thereupon ordered, adjudged, and decreed "that said The Orange National Bank be, and it is hereby, appointed Trustee of said trust and vested with full power and responsibility to act as such Trustee in accordance with the provisions of said will and the laws of Texas * * *." The heirs, executors, and trustee are all in accord with the probate court's construction of what the decedent's intention was with respect to her 150 shares of bank stock. We also agree with that construction and hold that it was the decedent's intention that her 150 shares of bank stock be set aside in a trust, the income from which was to be used exclusively for religious and educational purposes. Cf. *Colton* v. *Colton*, 127 U. S. 300; *Busby* v. *Lynn*, 37 Tex. 146.

Was the bequest rendered nondeductible because of the provision in the decedent's will that part of the income was to be used to provide scholarships "first to relatives or other boys or girls"? It should be noted that the decedent did not limit the educational purposes of her trust to the use of her relatives. She merely indicated that a preference should be given to them and did not confine her charity to such persons. Such a mere preference for relatives will not defeat the deduction provided for under section 812 (d), *supra. Commonwealth Trust Co. of Pittsburgh* v. *Granger*, 57 Fed. Supp. 502; Restatement

of Trusts, sec. 375, comment c; *Estate of Agnes C. Robinson*, 1 T. C. 19; Annotation, 131 A. L. R. 1277, 1289. The heading of paragraph IV of the annotation reads as follows:

IV. *Trust giving preference to relatives.*

There is virtually complete agreement among the authorities that an otherwise charitable trust, looking to the benefit of the public generally, is not rendered private merely because the donor directs that relatives or descendants shall be preferred in the selection of beneficiaries.

Scott, in Law of Trusts at page 2031, states:

* * * In the United States as well as in England, it is held that a trust for the relief of poverty or the promotion of education is charitable, although by the terms of the trust it is provided that in selecting the beneficiaries preference should be given to relatives or descendants of the settlor or of other designated persons.

The respondent, in contending that the bequest here involved does not qualify for a deduction under the applicable statute, relies principally upon *Amy Hutchison Crellin*, 46 B. T. A. 1152. In that case the taxpayer set up a fund of $35,157.50 in trust primarily to educate 14 of her grandnephews and grandnieces named in the trust instrument, with the provision "That the maximum amount which any one of the before-named persons is entitled to receive under the terms of this trust agreement shall be Four Thousand Dollars ($4,000)." The agreement then provided that any part of the fund not required for the 14 named relatives "shall be used for educational aid to young members of the First Methodist Church of Pasadena, Pasadena, California." The taxpayer claimed the $35,187.50 as a deduction for gift tax purposes under section 1004 of the code as representing gifts made to a "trust * * * organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes * * *." In denying the deduction claimed we (then the United States Board of Tax Appeals) said:

* * * The fourteen relatives named in subdivision A are not within a general class of beneficiaries, and do not present an instance within the doctrine that a trust for a general class is none the less a charitable trust if it provides for a preference to certain members of the class. Cf. *Schoellkopf* v. *United States*, 124 Fed. (2d) 982.

Instead of being *favored beneficiaries of a more general class*, the nominees in group A are the particular persons for whom the trust was primarily created. In the instrument itself they are the first named, and, if their educational demands are sufficient, they may exhaust the fund. * * * [Emphasis supplied.]

The facts in the *Crellin* case are materially different from the facts in the instant case. In the *Crellin* case the trustee could use the corpus as well as the income to educate the 14 persons specifically named in the trust instrument, and could thus very easily at $4,000 per person exhaust the fund and leave nothing for the young people of the church. In the instant proceeding the trust was a trust in perpetuity and only

the income of the trust could be used for the purposes specified in the will. It is apparent as time goes on that an increasing number of the general class will thus receive the educational benefits specified in the decedent's will. We hold that this difference brings the instant proceeding within the previously mentioned doctrine that a mere preference for relatives will not defeat the deduction provided for under section 812 (d) of the Internal Revenue Code and that the respondent erred in disallowing the deduction claimed in the amount of $22,125. *Estate of Agnes C. Robinson, supra; Commonwealth Trust Co. of Pittsburgh* v. *Granger, supra.*

*Decision will be entered under Rule 50.*