*Decision will be entered under Rule 50.*

ESTATE OF GEORGE W. DICHTEL, DECEASED, ROZANNE PERA, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 63799. Filed September 26, 1958.

*Wiley O. Bullock, Esq.*, for the petitioner.
*Homer F. Benson, Esq.*, for the respondent.

TIETJENS, *Judge:* This proceeding involves a deficiency in Federal estate tax of $1,261.38 determined against the Estate of George W. Dichtel.

The issues for decision are: (1) Whether there should have been included in decedent's gross estate for Federal estate tax purposes that portion of the face amount of certain policies of insurance on his life which was payable to his business partner as beneficiary; and (2) whether a bequest of $1,000 to decedent's daughter, a member of a religious community, was deductible as a charitable contribution under section 812 (d) of the 1939 Code.

### FINDINGS OF FACT.

George W. Dichtel (hereinafter referred to as the decedent) died May 31, 1954. An executrix was appointed and qualified, and the estate tax return herein involved was filed with the district director of internal revenue for the district of Tennessee at Nashville, Tennessee,

From 1924 until his death, decedent and Joseph Dattilo, as co-partners, conducted an electrical contracting business in Memphis, Tennessee. The partnership agreement under which the business was operated at the time of decedent's death was executed in 1930, and superseded and canceled all prior agreements between the parties. It provided that each partner had an option to purchase the other's interest in the business in the event of the other's death, and further provided that each partner had the right of first refusal on the sale of the other's interest.

In order to provide funds to assist the surviving partner in purchasing the deceased partner's interest in the business, both decedent and Dattilo insured their lives for the benefit of the other. The premiums on the individual policies of insurance were paid by the partner on whose life they were written. At times, premium payments were made from partnership funds.

At his death, decedent owned three policies of ordinary life insurance on his life in the total face amount of $25,000. On November 26, 1948, the face amount of each policy was made payable pursuant to the terms of the following endorsement:

At the request of the Insured the proceeds are hereby payable in two equal parts; one part to Joseph Dattilo, business partner of the Insured, if living at the death of the Insured, otherwise to Anne Dattilo, sister of said Joseph Dattilo, if then living, otherwise to the executors or administrators of the estate of the last survivor of said Joseph Dattilo and Anne Dattilo, without the right reserved to the Insured to change such designation during the lifetime of said Joseph Dattilo, but with such right in event of the death of said Joseph Dattilo; and one part to the executors or administrators of the estate of the Insured, with right reserved to the Insured to change such designation.

Each of the policies provided for the right to participate in profits, the right to borrow against the cash value, the right to surrender for the cash value, the right to cancel, and the right to exchange the policies for paid-up insurance. Under a section entitled "OTHER PROVISIONS AND BENEFITS" each policy contained a clause substantially similar to the one set forth below:

Rights of the Insured. When the right to change the Beneficiary is reserved, the Insured, subject to any existing assignment of the Policy, may, without the consent of the Beneficiary or Beneficiaries, surrender the Policy, receive every benefit, exercise every right, and enjoy every privilege conferred by this Policy, the same as though the Policy were payable to the Insured's estate.

Upon decedent's death, one-half the proceeds of the three policies was paid to Dattilo pursuant to the terms of the endorsements contained therein.

The executrix of decedent's estate included in the gross estate for Federal estate tax purposes only that portion of the face amount of

**1260**

the policies which was payable to his estate and omitted the remainder of the insurance.

At the date of decedent's death, one of his daughters, Laurine Elizabeth Dichtel was a member of a religious order and a resident of a convent. In his will, decedent bequeathed $1,000 to Laurine Elizabeth. In reporting decedent's taxable estate his executrix claimed that bequest as a deductible gift to charity.

Respondent determined an estate tax deficiency, explaining that the total face amount of the three life insurance policies in controversy was includible in decedent's gross estate under section 811 (g), I. R. C. 1939, and further that the $1,000 bequest was not an allowable deduction in computing the net estate because made to a daughter and not to a religious organization under the provisions of section 812 (d), I. R. C. 1939.

OPINION.

The first issue for consideration is whether insurance in the amount of $12,500 which was received by decedent's business partner as beneficiary of three insurance policies on decedent's life, is includible in decedent's gross estate under the provisions of section 811 (g) (2) of the 1939 Internal Revenue Code.[1]

Respondent's position is that the insurance proceeds received by Dattilo are so includible because decedent paid the premiums on the policies, and further retained certain incidents of ownership in the policies. For the reasons set forth below we agree.

When questioned with respect to the payment of premiums by decedent and Dattilo, decedent's son testified that each partner "paid his own premium because there was a difference in the premiums due to the difference in the age of the two partners." The record further reveals that on at least one occasion partnership funds were used to pay premiums on the partners' insurance. In the absence of evidence to the contrary, we assume that the amount so paid by the partnership with respect to the premiums on decedent's policies was charged against his partnership interest. They therefore would constitute a payment of premium by him within the meaning of the statute. In the light of these facts, it is clear that the insurance in question was "purchased with premiums * * * paid directly or in-

---

[1] SEC. 811. GROSS ESTATE.

(g) PROCEEDS OF LIFE INSURANCE.—

* * * * * * *

(2) RECEIVABLE BY OTHER BENEFICIARIES.—To the extent of the amount receivable by all other beneficiaries as insurance under policies upon the life of the decedent (A) purchased with premiums, or other consideration, paid directly or indirectly by the decedent, in proportion that the amount so paid by the decedent bears to the total premiums paid for the insurance, or (B) with respect to which the decedent possessed at his death any of the incidents of ownership, exercisable either alone or in conjunction with any other person. * * *

directly by the decedent" within the meaning of section 811 (g) (2) (A) and we conclude that respondent properly included the full face amount of the three policies in decedent's gross estate.

Having so concluded, we find it unnecessary to consider respondent's second argument to the effect that decedent retained certain incidents of ownership with respect to the policies which would also require their inclusion in his gross estate.

We think it pertinent to note that petitioner requested we find the following fact: "Each partner paid the premiums for the other partner, and the premiums were not paid by the partnership." No citation to the record in support of that request was given. Since decedent's son testified each partner paid his own premiums, and since respondent introduced into evidence an accountant's report of an examination of the copartnership which revealed that it paid, during the 5-month period ended May 31, 1954, life insurance premiums in the amount of $594.80 on insurance on the partners' lives, we do not think the record supports petitioner's requested finding.

The second issue is whether a bequest of $1,000 made by decedent to his daughter, a member of a religious community at the time of his death, constituted a deductible charitable transfer within the meaning of section 812 (d) of the 1939 Code.[2]

Petitioner's position is that decedent, at the time of his death, believed the bequest to his daughter would be given to the religious order of which she was then a member, and further that under the rules of that order she could neither acquire nor use the money for her own purposes.

We are aware of the fact that certain religious orders elicit strict vows of poverty from their members while others do not. We are also aware of the fact that members of certain religious communities are required to turn over to their superiors, for the use of the community as a whole, any gifts which they may receive as individuals. However, this record is silent as to the rules of conduct of the religious order of which decedent's daughter was a member. Moreover, there was no direction in decedent's will that his daughter transfer the bequest for any purpose or to any organization. We are therefore faced with a bequest made solely to an individual, which clearly

---

[2] SEC. 812. NET ESTATE.

For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

\* \* \* \* \* \* \*

(d) TRANSFERS FOR PUBLIC, CHARITABLE, AND RELIGIOUS USES.—The amount of all bequests \* \* \* to or for the use of the United States, any State, Territory, any political subdivision thereof, or the District of Columbia \* \* \* or to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes \* \* \* or to or for the use of the United Nations \* \* \* or to a trustee or trustees, or a fraternal society, order, or association operating under the lodge system \* \* \*

does not constitute a deductible transfer to charity within the meaning of the statute. We therefore conclude that respondent properly disallowed this item as a deduction in computing decedent's net estate.

In arriving at this conclusion we do not reach the question as to whether a bequest made to a member of a religious order who was under an obligation, of which the testator had notice, to turn such bequest over to the order for its own use would constitute a deductible charitable transfer within the purview of section 812 (d) of the Code. But see *Delaney* v. *Gardner*, 204 F. 2d 855 (C. A. 1, 1953).

*Decision will be entered for the respondent.*