Estate of May Bingham Cox, also known as Mary Bingham Cox, Deceased, Francis M. Cox, Jr., W. Bingham Cox and Robert M. Cox, Executors v. Commissioner.
Estate of Cox v. Commissioner
Docket No. 72430.
United States Tax Court
T.C. Memo 1960-260; 1960 Tax Ct. Memo LEXIS 29; 19 T.C.M. (CCH) 1470; T.C.M. (RIA) 60260; December 6, 1960
John B. McCubbin, Esq., for the petitioners. Robert S. Bevan, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion Respondent determined a deficiency in estate tax in the amount of $5,984.81. The sole issue is whether a bequest by decedent to her son, a Roman Catholic priest and member of the Society of Jesus, is a bequest or a transfer "to or for the use of" a corporation organized and operated exclusively for religious purposes within the meaning of Section 812(d) of the Internal Revenue Code of 1939. Findings of Fact Some of the facts are stipulated, and as stipulated, they are incorporated herein by reference. May Bingham Cox (hereinafter referred to as the decedent) died on August 3, 1954, a resident *30 of Queens County, New York. She left a will, executed on December 31, 1941, which was admitted to probate in the Surrogate's Court of Queens County, New York, on September 17, 1954. Therein she named Francis M. Cox, Jr., W. Bingham Cox and Robert M. Cox, three of her four sons, as the executors of her will and they were appointed to act as such under Certificate of Letters Testamentary dated March 25, 1958, issued by the Surrogate's Court of Queens County. The Federal Estate Tax Return for the estate of the decedent was filed with the district director of internal revenue at Brooklyn, New York, on November 3, 1955. Decedent was predeceased by her husband and by Ella Bingham Morris, whose shares under decedent's will fell into and became a part of the residuary estate of the decedent. Decedent was survived by four sons and 15 grandchildren who are the persons named in decedent's will as beneficiaries of the residuary estate. Three of the sons, as already noted, are the executors of decedent's will, and the fourth son is Reverend Lewis M. Cox, a member of the Society of Jesus, and specifically a member of The New York Province of the Society of Jesus at the time of decedent's death. *31 The New York Province of the Society of Jesus is a religious order which is a part of the Roman Catholic Church, and is organized as a New York membership corporation. Pursuant to Articles Eighth (dd) and (ee) of the will of decedent, a total of 17 1/4 per cent of her residuary estate is given to Lewis M. Cox. Article Eighth (ee) provides in part that "If he shall not survive me and my said husband, then his share shall be divided and paid over, share and share alike among and to my sons Francis M. Cox, Jr., Robert M. Cox and W. Bingham Cox." Lewis M. Cox was and is the youngest son of the decedent. He entered the Society of Jesus as a novice on September 7, 1934, at which time he was approximately 18 years of age. He was ordained a priest of the Roman Catholic Church on June 22, 1947. After a period of training and education members of the Society take their last or solemn vows of perpetual povety, chastity and obedience. Before taking last or solemn vows, such members are required to renounce all of their rights with respect to property. On August 13, 1950, Lewis M. Cox executed his renunciation, which provided, in part, as follows: I, Lewis Morris Paul Cox, approved scholastic *32 of the Society of Jesus * * * do hereby fully and irrevocably renounce my properties and rights of whatever kind, as well those which I actually hold, even unknown to me, as those which will perchance accrue to me between the time of this renunciation and my last vows, and I dispose of them in favor of the Society of Jesus. Hereditary properties that will come to me after my last vows I do simply abdicate, according to the sense of Article 179, 2degree of the Collection of Decrees. Properties which after by last vows will accrue to me under title of donation or of legacy I understand to be acquired for the Society and that they are to be applied according to the Institute of the same Society. This renunciation will not begin to have effect until after my last vows. * * *
Lewis M. Cox took his last vows on August 15, 1950. Under the canon law, which is the ecclesiastical law governing the Roman Catholic Church, the effect of the last or solemn vows is to incapacitate the religious from acquiring ownership of property by any means whatsoever except for the order or province, and any property then owned, or received thereafter, becomes the property of the order or province. *33 Decedent was apparently a person of sound physical and mental condition. She was a member of the Roman Catholic Church and was active in church life and activities up to the time of her death. At the time she made her will in 1941 she knew that Lewis had not been ordained as a priest in the Roman Catholic Church and that he had not renounced his property or his rights to property. She also knew that Lewis was subject to dismissal from the Society of Jesus and was free to leave the Society of his own volition prior to taking his final vows, and that after he took his final vows he could not own any property. She was thus aware of the possibility that any bequest she made to Lewis might not go to him personally and might become the property of the Society. After Lewis took his last vows and was ordained a priest she wrote a letter to her attorney dated May 16, 1953. In that letter she said, among other things, that "Lewis has been supported by the Jesuit Order for 18 years, so naturally I would like to remember him more than Frank, Jr., or Bing, not that he will be able to keep it for himself, but will be only too happy to pass it on to the order to whom he owes his happy contented *34 life since he left our home." The executors of decedent's will caused payment of $14,840.70 to be made by check of the Estate to The New York Province of the Society of Jesus on March 27, 1958. Typed on the face of the check were the words "Distribution on account of bequests under Will of May Bingham Cox to Lewis M. Cox". The check was deposited into the general funds of the Society for the general needs and common good of the Society. Opinion RAUM, Judge: Notwithstanding the appealing equitable considerations underlying the position of the estate, the issue herein has been decided in favor of the Commissioner in two recent cases. Estate of Charles J. Barry, 34 T.C. 160 (bequest to Jesuit priest); Estate of Margaret E. Callaghan, 33 T.C. 870 (bequest to Carmelite nun). The same result must be reached here. However, in order to give effect to certain concessions of the respondent unrelated to this issue, Decision will be entered under Rule 50.